**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Darrell D. Morgan,**
**Claimant Below, Petitioner**

**v.)**    **No. 25-604**    (JCN: 2023022682)
(ICA No. 24-ICA-435)

**Cornerstone Labor Services, Inc.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Darrell D. Morgan appeals the August 6, 2025, decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Morgan v. Cornerstone Labor Serv., Inc.*, No. 24-ICA-435, 2025 WL 2239240 (W. Va. Ct. App. Aug. 6, 2025) (memorandum decision). Respondent Cornerstone Labor Services, Inc. filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the October 7, 2024, decision of the West Virginia Workers' Compensation Board of Review, which affirmed the claim administrator's January 30, 2024, order denying the addition of cervical disc displacement at C5-C6 to the claim as a compensable condition.

The claimant asserts that Rajesh V. Patel, M.D., is his treating physician, and Dr. Patel's opinion should have been afforded greater weight than the opinions of other physicians because Dr. Patel was in the best position to determine which conditions were caused by the compensable injury. Dr. Patel explained that, while the claimant's cervical disc displacement may have been preexisting, the claimant suffered no radiculopathy until the August 2023 compensable injury. Therefore, the claimant argues that the Board of Review and the ICA should be reversed and cervical disc displacement at C5-C6 should be added to the claim as a compensable condition. The employer counters by arguing that, despite Dr. Patel's opinion, the claimant did not satisfy his burden of showing that cervical disc displacement at C5-C6 should be added as a compensable condition. The evidence did not support a causal connection between cervical disc displacement at C5-C6 and the June 2023 compensable injury. In August 2022, almost ten months before the compensable injury occurred, the claimant underwent x-rays regarding his cervical spine, which showed positive findings at C5-C6.[2] Therefore, the employer argues that the Board of Review and

---

[1] The claimant appears by counsel Reginald D. Henry and Lori J. Withrow, and the employer appears by counsel Steven K. Wellman and James W. Heslep.

[2] Nine months and two weeks before the compensable injury occurred on June 5, 2023, the claimant underwent an x-ray of his cervical spine on August 25, 2022, because he was having neck pain. Basim Antoun, M.D., found no acute boney abnormality. However, there was straightening

the ICA properly affirmed the denial of the addition of cervical disc displacement at C5-C6 as a compensable condition.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: January 13, 2026**

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

in the normal cervical lordosis—which Dr. Antoun noted was sequela of muscle spasm—and mild relative narrowing at C3-C4 and C5-C6 with minimal anterior enthesophytes at the articulating surfaces of C5-C6. Dr. Antoun recommended correlation with an MRI.